1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TRAINOR ROBERTSON
JOHN D. FAIRBROOK (SBN 105115)
NANCY HOTCHKISS (SBN 107692)
ELANA M. RIBMAN (SBN 194359)
701 University Avenue, Suite 200
Sacramento, California  95825-6700
Telephone:  (916) 929-7000
Facsimile:  (916) 929-7111
dva:3919002.327443

Attorneys for Plaintiff
FEDERAL AGRICULTURAL MORTGAGE
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>IT'S A JUNGLE OUT THERE, INC., a California corporation, dba VINTAGE CAPITAL; ROBERT LEE HOWER and AMI CHERI HOWER, individuals,<br><br>            Defendants. | Case No. C 03-03721 VRW<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1.  **FRAUD;**<br>2.  **NEGLIGENT MISREPRESENTATION;**<br>3.  **BREACH OF CONTRACT;**<br>4.  **INJUNCTION;**<br>5.  **VIOLATION OF THE LANHAM ACT [U.S. CA § 1051 ET. SEQ.]**<br>6.  **EXPRESS INDEMNITY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FEDERAL AGRICULTURAL MORTGAGE CORPORATION (hereinafter "FARMER MAC") alleges against Defendants IT'S A JUNGLE OUT THERE, INC. dba VINTAGE CAPITAL (hereinafter "VINTAGE CAPITAL"), ROBERT LEE HOWER, and AMI CHERI HOWER as follows:

**I.**

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction of this matter pursuant to section 1332 of the Judicial Code (28 U.S.C. § 1332.)  Specifically, there is complete diversity between Plaintiff and Defendants because Defendant VINTAGE CAPITAL is a corporation organized and existing

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

1  under the laws of the State of California, with its principal place of business in Sonoma.

2  Defendants ROBERT HOWER and AMI CHERI HOWER are individuals residing in, and

3  citizens of, the State of California, and FARMER MAC is a corporation organized and existing

4  under the laws of the District of Columbia, with its principal place of business in Washington

5  D.C.

6        2.      This Court also has original jurisdiction with respect to Plaintiff's Fifth Claim

7  pursuant to section 1121 of the Lanham Act (15 U.S. CA. § 1121, et seq.).

8        3.      Venue is proper in the Northern District of California pursuant to 28 U.S.C.

9  1391(3) because Defendants are subject to personal jurisdiction in this District and are thus

10  deemed residents of this District.

11  **II.**

12  **PARTIES**

13        4.      Plaintiff FARMER MAC is now, and at all times mentioned in the Complaint, a

14  corporation organized and existing under the laws of the District of Columbia, with its principal

15  place of business in Washington, D.C.

16        5.      Defendant IT'S A JUNGLE OUT THERE, INC. dba VINTAGE CAPITAL is

17  now, and at all times mentioned in the Complaint, a corporation incorporated under the laws of

18  the State of California, with its principal place of business in Sonoma, California.

19        6.      Defendants ROBERT HOWER and AMI CHERI HOWER are now, and at all

20  times mentioned in the Complaint were, individuals residing in Sonoma, California.

21  **III.**

22  **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

23        7.      Plaintiff FARMER MAC operates a mortgage loan purchase program to provide a

24  secondary mortgage market for agricultural mortgage lenders.  FARMER MAC purchases

25  qualified loans directly from sellers who have been approved by FARMER MAC and which have

26  executed a Seller/Servicer Agreement.

27        8.      On January 2, 1998, Defendant ROBERT HOWER, acting as Chairman of

28  VINTAGE CAPITAL, entered into a written Seller/Servicer Agreement with FARMER MAC.

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA  95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

1    VINTAGE CAPITAL has since sold loans to Plaintiff FARMER MAC pursuant to the above-

2    referenced Seller/Servicer Agreement.

3         9.    RAM Investments, LLC (hereinafter "RAM") is a closely held limited liability

4    company organized and doing business in the state of Washington.  On or about September 23,

5    1999, VINTAGE CAPITAL originated a loan to RAM and Kulwinder ("Calvin") S. Sidhu, his

6    wife Elizabeth S. Sidhu, his father Jarnail Singh, and brother Devinder ("David") Sidhu, secured

7    by property located in Washington and described as agricultural plots used for the farming of

8    apples, which are commonly known as the Lake Chelan Orchard and the Mattawa Orchard (the

9    "Property.").  At the time of the loan application by RAM to Vintage Capital, the Chelan property

10   was titled in the name of Jarnail Singh.  Thereafter, on July 14, 1999, Jarnail Singh quitclaimed

11   the Chelan Property to RAM, the primary members of which are Jarnail Singh's sons, Kulwinder

12   (Calvin) Singh Sidhu and Devinder (David) Singh Sidhu.  Jarnail Singh may also be a minority

13   member of RAM.

14        10.   Pursuant to its Seller/Servicer Agreement with Plaintiff, VINTAGE CAPITAL, in

15   the capacity as "Seller," offered to sell FARMER MAC the RAM loan, which had an original

16   principal balance of $1,932,000.00.

17        11.   The Seller/Servicer Agreement, which incorporates by reference a Loan Servicer

18   Guide, requires that loan-specific representations and warranties be made by any Seller seeking to

19   sell or transfer any loan to FARMER MAC.  In connection with VINTAGE CAPITAL's sale of

20   the RAM loan to FARMER MAC, Defendants represented and warranted that:  (1) all loan

21   information submitted to FARMER MAC by Seller was true and correct; (2) the loan was a

22   Qualified Loan (as defined therein); (3) appropriate security interests had been obtained to grant

23   the lender a fully perfected security interest in all assets appraised as part of the loan package;

24   (4) to the best of Seller's knowledge, the borrowers had not otherwise produced or disposed of

25   hazardous material on the Mortgaged Property and there had been no event that could give rise to

26   a claim under any environmental statute or common law pertaining to hazardous materials on or

27   originating from the Mortgaged Property or any other real property owned or occupied by the

28   borrowers; (5) to the extent necessary to preserve the value of the Mortgaged Property, the

**FIRST AMENDED COMPLAINT [C 03-03721 VRW]**                                          -3-

1   security interests had been properly perfected and any water rights and entitlements associated

2   with the Mortgaged Property, as may be necessary to insure the delivery of water to the

3   Mortgaged Property had been obtained; and (6) the Seller knew of nothing involving the

4   Mortgage, the Mortgaged Property, the Borrowers or the Borrowers' credit standing that could

5   reasonably be expected to (a) cause private institutional investors to regard the Mortgage as an

6   unacceptable investment; (b) cause the Mortgage to become delinquent; or (c) adversely affect the

7   Mortgage's value or marketability.

8        12.      Further, Defendants specifically represented in a "Narrative" to FARMER MAC

9   that they "highly recommended" the borrowers' farming operation for the Loan.  Defendants

10   further represented that Jarnail Singh had an "exemplary credit history", with "no history of late

11   payments or restructured debt."  In making these representations, Defendants included financial

12   spreadsheets detailing the debt income ratio of the borrowers which failed to show all debts of

13   Jarnail Singh.

14        13.      Defendants made the representations referenced above to Plaintiff for the purpose

15   of inducing Plaintiff to acquire the RAM loan.  At all times herein referenced, Defendants

16   represented and Plaintiff reasonably believed that Defendants had complied with all the terms and

17   conditions of the Seller/Servicer Agreement and the Seller/Servicer Guide, that all representations

18   and warranties which were made and required to be made in accordance with the Seller/Servicer

19   Agreement were accurate, and that the RAM loan constituted a "Qualified Loan" under the

20   Seller/Servicer Agreement.

21        14.      In reliance on the representations and warranties of Defendants, FARMER MAC

22   purchased the RAM loan from VINTAGE CAPITAL.

23        15.      In or about January 2001, the borrowers defaulted on their loan and FARMER

24   MAC was later forced to foreclose its security interest on the collateral and seek judgments

25   against all borrowers for the deficiency between the value of the collateral and the balance owed

26   under the loan.

27

28

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

FIRST AMENDED COMPLAINT [C 03-03721 VRW]                                         -4-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

## **FIRST CLAIM**

### **(Fraud)**

16.     Plaintiff incorporates by reference paragraphs 1 through 15 above and further alleges as follows:

17.     When Defendants made the representations and warranties referenced above, they knew the representations were false.  Defendants made the representations and concealed the true facts with the intent to deceive Plaintiff and to induce it to acquire the RAM loan.

18.     Plaintiff FARMER MAC reasonably believed that the representations and warranties made by Defendants in this case were accurate, and in reliance on said representations and warranties was induced to and in fact purchased the RAM loan from Defendant VINTAGE CAPITAL, for which VINTAGE CAPITAL received a loan origination fee.  Plaintiff would not have acquired the RAM loan if not for the representations and warranties of Defendants and the presumed truth thereof.

19.     The representations and warranties made by Defendants were false.  Specifically, Defendants falsely and fraudulently represented that the RAM loan was a "Qualified Loan" when in fact it was not.  Prior to the date of the sale of the loan from Defendants to Plaintiff, Defendants had knowledge of and intentionally concealed the fact that Jarnail Singh, a Canadian resident, owed in excess of $140,000 to the Canadian counterpart of the IRS, that the U.S. Government had filed a tax lien against Jarnail Singh in the U.S., and that at least one title company had reported said lien as a potential encumbrance against property which served as collateral for the RAM Loan.  Defendants also failed to disclose the amount of the tax debt on the financial statement of Jarnail Singh provided to FARMER MAC.  Defendants further failed to obtain a property perfected security interest on a mobile or manufactured home that serves as the primary residence on the Chelan collateral and which measurably enhances the value of said property, and failed to disclose to Plaintiff their failure to do so.  Defendants also failed to disclose and thereby concealed the fact that there existed several underground storage tanks and at least one open pit waste dump that created environmental concerns and adversely affected and delayed the marketability and salability of the Property after foreclosure.  Defendants further

FIRST AMENDED COMPLAINT [C 03-03721 VRW]                                              -5-

falsely and fraudulently completed an environmental survey, required pursuant to Section 203.4 of the Seller/Servicer Guide, certifying and acknowledging that Defendants had examined the property when, in fact, Defendants had not examined the Property and had no true basis for representing that, "On behalf of the selling Institution, I hereby certify that I have read the Environmental Survey, have examined the property, and find the information contained in this survey consistent with what I observed during my examination of the property." Additionally, Defendants provided false information regarding the water rights on the Property used as collateral for the RAM loan, which required the retention of professionals to resolve before the Property could be marketed after its acquisition through foreclosure.

20.     But for the misrepresentations and concealment of Defendants, Plaintiff would not have purchased the RAM loan from VINTAGE CAPITAL. As a direct and proximate result of Defendants' misrepresentations and concealment, FARMER MAC has suffered monetary damages, including, *inter alia*, damage occasioned incident to the borrowers' default with respect to the RAM loan. As a result of said default, Plaintiff was required to retain attorneys and expend sums to foreclose on the loan and collect sums due and owing Plaintiff. Despite Plaintiff's diligent collection efforts, Plaintiff has been unable to collect the full amount of the deficiency judgments rendered against the borrowers. Additionally, Plaintiff has incurred other incidental and consequential damages arising from Defendants' fraudulent conduct, all in an amount to be established according to proof at time of trial.

21.     The aforementioned conduct of Defendants was intentional, malicious and fraudulent, thereby entitling Plaintiff to an award of punitive damages in an amount according to proof at time of trial. At all times herein referenced, each of the above-referenced misrepresentations were made by ROBERT HOWER and AMI CHERI HOWER in their capacities as officers of Defendant VINTAGE CAPITAL. At all times herein referenced, VINTAGE CAPITAL accepted the benefits of its contractual dealings with Plaintiff and has in all other respects ratified the wrongful conduct of ROBERT HOWER and AMI CHERI HOWER.

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

1   **SECOND CLAIM**

2   **(Negligent Misrepresentation)**

3   22.   Plaintiff incorporates by reference paragraphs 1 through 21 above and further

4   alleges as follows:

5   23.   At the time made, Defendants had no reasonable ground for believing the

6   truthfulness of the representations and warranties they made to FARMER MAC regarding the

7   eligibility of the RAM loan.  Defendants negligently misrepresented the qualification of the loan

8   and eligibility of RAM's loan for purchase by FARMER MAC, when they carelessly, negligently,

9   falsely and without due care to ascertain truth or accuracy made the statements referenced in

10  Paragraphs 10 and 11 above.

11  24.   Defendants' motivation and intent at the time of making the groundless

12  representations and warranties were to induce Plaintiff to purchase the RAM loan.  Defendants

13  knew or should have known that FARMER MAC would believe their representations to be true

14  and that FARMER MAC would act in reliance thereon.  Defendant VINTAGE CAPITAL

15  received a direct financial benefit from the fraudulent and malicious acts of its agents, Defendants

16  HOWER.  As a result thereof, Defendant VINTAGE CAPITAL ratified the acts of its agents and

17  is liable for those acts as set forth herein.

18  25.   At the time Defendants' representations and warranties were made, FARMER

19  MAC was unaware of the falsity thereof, and reasonably believed the representations and

20  warranties were true.

21  26.   But for the negligence of Defendants, Plaintiff would not have purchased the RAM

22  loan from VINTAGE CAPITAL.  As a direct and proximate result of Defendants' negligence,

23  FARMER MAC has suffered monetary damages, including, *inter alia*, damage occasioned

24  incident to the borrowers' default with respect to the RAM loan.  As a result of said default,

25  Plaintiff was required to retain attorneys and expend sums to foreclose on the loan and collect

26  sums due and owing Plaintiff.  Despite Plaintiff's diligent collection efforts, Plaintiff has been

27  unable to collect the full amount of the deficiency judgments rendered against the borrowers.

28  Additionally, Plaintiff has incurred other incidental and consequential damages arising from

FIRST AMENDED COMPLAINT [C 03-03721 VRW]                                    -7-

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA  95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

1   Defendants' negligent conduct, all in an amount to be established according to proof at time of

2   trial.

3   **THIRD CLAIM**

4   **(Breach of Contract)**

5   27.   Plaintiff incorporates by reference paragraphs 1 through 26 above and further

6   alleges as follows:

7   28.   On January 2, 1998, Defendant ROBERT HOWER, acting as Chairman of

8   VINTAGE CAPITAL, entered into a Seller/Servicer Agreement with FARMER MAC.  In doing

9   so, Defendant ROBERT HOWER represented and warranted that he would only sell Plaintiff

10   Qualified Loans that met the specific standards set forth in the Seller/Servicer Agreement and the

11   Loan Servicer Guide.

12   29.   These representations and warranties include, *inter alia*, that:  (1) all loan

13   information submitted to FARMER MAC by Seller was true and correct; (2) the loan was a

14   Qualified Loan (as defined therein); (3) appropriate security interests had been obtained to grant

15   the lender a fully perfected security interest in all assets appraised as part of the loan package;

16   (4) to the best of Seller's knowledge, the borrowers had not otherwise produced or disposed of

17   hazardous material on the Mortgaged Property and there had been no event that could give rise to

18   a claim under any environmental statute or common law pertaining to hazardous materials on or

19   originating from the Mortgaged Property or any other real property owned or occupied by the

20   borrowers; (5) to the extent necessary to preserve the value of the Mortgaged Property, the

21   security interests had been properly perfected and any water rights and entitlements associated

22   with the Mortgaged Property as may be necessary to insure the delivery of water to the mortgaged

23   Property had been obtained; and (6) the Seller knew of nothing involving the Mortgage, the

24   Mortgaged Property, the Borrowers or the Borrowers' credit standing that could reasonably be

25   expected to: (a) cause private institutional investors to regard the Mortgage as an unacceptable

26   investment: (b) cause the Mortgage to become delinquent; or (c) adversely affect the Mortgage's

27   value or marketability.

28

---

**FIRST AMENDED COMPLAINT [C 03-03721 VRW]**                                         -8-

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

30.     Defendant VINTAGE CAPITAL breached the Seller/Servicer Agreement in that numerous representations and warranties made by Defendants were untrue.  Contrary to the express representations and warranties of Defendants , the true facts were that the RAM loan was not a "Qualified Loan", that the financial statement of Jarnail Singh failed to list substantial sums owed to the IRS, that at least one title company had reported the IRS lien as a potential encumbrance against the Chelan property which served as collateral for the RAM Loan, that Defendants had failed to obtain a properly perfected security interest on a mobile or manufactured home that served as the primary residence on the Chelan collateral and which measurably enhances the value of said property, that several underground storage tanks and at least one open pit waste dump existed on the Chelan property which created environmental concerns and adversely affected and delayed the marketability and salability of the Property after foreclosure, and that Defendants provided false information regarding the water rights on the Property used as collateral for the RAM loan, which required the retention of professionals to resolve before the Property could be marketed after its acquisition through foreclosure.

31.     Plaintiff has performed all conditions, covenants and promises required on its part to be performed in connection with its acquisition of the RAM loan from VINTAGE CAPITAL.

32.     Upon discovering Defendants' breach, Plaintiff FARMER MAC demanded that VINTAGE CAPITAL fulfill its obligations pursuant to the Seller/Servicer Agreement including, without limitation, said Defendant's obligation to repurchase the RAM loan.

33.     Defendant VINTAGE CAPITAL further breached the Seller/Servicer Agreement by failing to perform its obligation under the Seller/Servicer Agreement, including without limitation, its failure to repurchase the RAM loan within 60 days after VINTAGE CAPITAL's demand for same.  Defendant VINTAGE CAPIATAL further breached the Seller/Servicer Guide by falsifying property inspection reports.

34.     As a direct and proximate result of Defendants' breach of contract, FARMER MAC has suffered monetary damages, including, *inter alia*, damage occasioned incident to the borrowers' default with respect to the RAM loan.  As a result of said default, Plaintiff was required to retain attorneys and expend sums to foreclose on the loan and collect sums due and

FIRST AMENDED COMPLAINT [C 03-03721 VRW]                                    -9-

1   owing Plaintiff.  Despite Plaintiff's diligent collection efforts, Plaintiff has been unable to collect

2   the full amount of the deficiency judgments rendered against the borrowers.  Additionally,

3   Plaintiff has incurred other incidental and consequential damages arising from said Defendant's

4   breach of contract, all in an amount to be established according to proof at time of trial.

### FOURTH CLAIM

### (Injunction)

7       35.     Plaintiff incorporates by reference paragraphs 1 through 33 above and further

8   alleges as follows:

9       36.     As a result of the conduct of Defendants alleged in the preceding claims for relief,

10  on or about December 10, 2002, Plaintiff suspended the right of VINTAGE CAPITAL to sell or

11  originate loans under the FARMER MAC loan program.

12      37.     Subsequent to the effective date of that suspension and specifically from and after

13  December 27, 2002, FARMER MAC made repeated demands on Defendants to cease the

14  advertising of VINTAGE CAPITAL as a "Farmer Mac Lender" and/or as having the ability to

15  originate, sell, or participate in FARMER MAC loans in any way.  Despite said demands,

16  Defendants have willfully failed and refused, and continue to fail and refuse, to cease such

17  practices.  In fact, as late as August 5, 2003, VINTAGE CAPITAL's website continues to

18  prominently advertise its status as a "Farmer Mac Lender", as demonstrated by the printouts from

19  said website attached hereto collectively as **Exhibit "A"** and incorporated herein by reference.

20  Additional references to FARMER MAC may exist in other advertising media utilized by

21  Defendants.

22      38.     Defendant's wrongful conduct, unless and until enjoined and restrained by this

23  court will cause great and irreparable injury in that potential borrowers will be misled by said

24  false advertising, causing denigration of the integrity of the FARMER MAC loan program, and

25  enabling Defendants to profit from their false advertising.  Being an approved FARMER MAC

26  Lender carries positive connotations within the commercial lending community, and Defendants

27  are unlawfully trading on that designation at the expense of the public and the integrity of the

28  FARMER MAC loan program.

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA  95825-6700
Telephone:  (916) 929-7000
Facsimile:  (916) 929-7111

**FIRST AMENDED COMPLAINT [C 03-03721 VRW]**                                    -10-

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA  95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

39.    Plaintiff has no adequate remedy at law for the injuries being suffered as it will be impossible for Plaintiff to determine the precise amount of damages, the consequences of Defendants' unlawful conduct extend to persons beyond Plaintiff, and Plaintiff will be forced to institute a multiplicity of suits to obtain adequate redress for the injuries.

## FIFTH CLAIM

### (Violation of Lanham Act
### Section 32 - 15 U.S. CA § 1114 Infringement of Registered Trademarks)

40.    Plaintiff incorporates by reference paragraphs 1 through 40 above and further alleges as follows:

41.    On or about May 21, 1991, the United States Patent and Trademark Office issued federal trademark registration number 1645486 to Plaintiff FARMER MAC for a federal trademark in connection with the mortgage loan purchase program providing secondary mortgages for agricultural mortgage lenders.  (A true and correct copy of Certificate of Registration No. 1645486 for the FARMER MAC mark is attached here to as **Exhibit "B"** and is incorporated herein by reference.)

42.    Plaintiff is informed and believes and thereon alleges, Defendants have been advertising VINTAGE CAPITAL as a "Farmer Mac Lender" and/or as having the ability to originate, sell or participate in the FARMER MAC loans.  Such advertisement by Defendants is likely to cause confusion, or to cause mistake, or to deceive the relevant consumers as to the affiliation, connection, or association of Defendants with FARMER MAC, or as to the origin, sponsorship or approval of their goods, services or commercial activities by FARMER MAC.

43.    Plaintiff is informed and believes and thereon alleges, Defendants' use of the federally registered FARMER MAC trademark, in its advertisements concerning its affiliations related thereto, has been made with knowledge of FARMER MAC's exclusive rights in the registered FARMER MAC trademark and design and Defendants have taken the complained of actions willfully and with the intent to cause confusion, to cause mistakes or to deceive.

44.    Defendants' actions have proximately caused damage to FARMER MAC in an amount to be determined.

---

**FIRST AMENDED COMPLAINT [C 03-03721 VRW]**                                           -11-

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

45.     Defendants' actions constitute trademark infringement under section 32 of the Lanham Act, 15 U.S.C. section 1114, for which Plaintiff requests the applicable remedies set forth in 15 U.S.C. sections 1116-1118 including, without limitation, injunctive relief, recovery of Defendants' profits, recovery of FARMER MAC's actual damages, recovery of treble damages on account of Defendants' willfulness, recovery of FARMER MAC's costs in this action, recovery of FARMER MAC's reasonable attorneys' fees incurred in this action because this is an exceptional case and the destruction of all infringing articles and materials.

### SIXTH CLAIM

### (Express Indemnity)

46.     Plaintiff incorporates by reference paragraphs 1 through 45 above and further alleges as follows:

47.     Pursuant to the terms of the parties' contractual relationship set forth in Seller/Servicer Agreement and the Seller/Servicer Guide, Defendants expressly agreed to indemnify and hold FARMER MAC harmless as a result of, or arising out of, any event of default by Defendants under the Guide.  Specifically, Section 5 of the Seller/Servicer Agreement provides that, "Seller will be in default under this Agreement upon the occurrence of any Event of Default under the Guide, and will be subject to any remedies available to Farmer Mac, Including, but not limited to, indemnification of Farmer Mac and Seller's obligation to repurchase one or more of the qualified loans, as more fully set forth in the Guide."  Further, pursuant to Section 503.3 of the Seller/Servicer Guide Defendants agreed that, "The Seller shall indemnify Farmer Mac and its directors, officers and other employees and hold each of them harmless against any and all losses, claims, damages, judgments, penalties, fines and legal costs and expenses, including reasonable attorneys' fees, that they may sustain as a result of or arising out of any event of default, including but not limited to those that are in any way related to the actual or alleged failure of the Seller to perform its duties and service of the Qualified Loans in strict compliance with the terms of its Seller/Servicer Agreement and the Guide.  The obligations of the Seller under this Subsection shall survive delivery and payment for the Qualified Loans and termination of the Seller's relationship with Farmer Mac."

48.     After entering into the Seller/Servicer Agreement with FARMER MAC, which further incorporated the Seller/Servicer Guide, Defendants committed the acts complained of in this Complaint and defaulted on the Seller/Servicer Agreement and Seller/Servicer Guide by failing to comply with the Seller/Servicer Agreement and Guide, by breaching the representation and warranties to FARMER MAC, including the making of untrue representations and warranties, and by committing acts and omissions which caused FARMER MAC harm, damages and loss giving rise to this indemnity claim.

49.     By service of this Complaint, FARMER MAC is tendering and giving Defendants notice of its claim for express indemnity pursuant to the Seller/Servicer Agreement and Seller/Servicer Guide, and FARMER MAC's intention to hold Defendants bound by their agreement to indemnify FARMER MAC and hold FARMER MAC harmless against any and all losses, claims, damages, judgments, penalties, fines and legal costs and expenses, including its reasonable attorneys' fees, sustained as a result of or arising out of any event of default, including but not limited to, those in any way related to Defendants' failure to comply with the terms of the Seller/Servicer Agreement and the Guide.

50.     FARMER MAC has performed all of the conditions and obligations to be performed on their part under the terms of the Seller/Servicer Agreement and Seller/Servicer Guide.

51.     As a direct and proximate result of Defendants' default and failure to indemnify Plaintiff, Plaintiff has suffered monetary damages in an amount to be ascertained at trial, including, *inter alia*, damages occasioned incident and consequential to the Borrower's and the Defendants' default with respect to the RAM loan.  As a result of said default, Plaintiff was required to retain attorneys and expend sums to foreclose on the loan and collect sums due and owing Plaintiff, and notwithstanding Plaintiff's diligent collection efforts, Plaintiff has been unable to collect the full amount of the deficiency judgments rendered against the borrowers. Plaintiff has further incurred, and continues to incur, necessary and reasonable attorneys' fees and other legal costs in this action.

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For compensatory damages in an amount to be determined according to proof at trial;

2.  For punitive damages in an amount to be determined according to proof at trial;

3.  For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth in this complaint during the pendency of this action;

4.  For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them from advertising, promoting, or referring to themselves in any manner as a "Farmer Mac Lender", or as being eligible to originate or sell FARMER MAC loans, or as being able to participate in any way in the FARMER MAC loan program.

5.  For reasonable attorneys' fees and costs with respect to Plaintiff's Fifth Claim; and

6.  For such other relief as the Court may deem just and proper.

Dated: July 12, 2005

Respectfully submitted,

TRAINOR ROBERTSON

By: _Elana M. Ribman_

ELANA M. RIBMAN

TRAINOR ROBERTSON
Attorneys At Law
701 UNIVERSITY AVENUE, SUITE 200
SACRAMENTO, CALIFORNIA 95825-6700
Telephone: (916) 929-7000
Facsimile: (916) 929-7111

Exhibit "A"



# Financing the
# Premium Wine Industry



**About Us**

**Services**

**Our Clients**

**Apply On-Line**

**Articles/Links**

**Contact Us**

This is the specialized financial field in which **Robert and Ami Cheri Hower** practice - in consummate confidentiality - from their **Sonoma, California** offices.

Roots in the wine industry - combined with financial/banking expertise - enable the Howers to provide unique services to a unique industry.

**Vintage Capital** is a Farmer Mac Lender.

- Long Term, Fixed Rate Agricultural Loans through Farmer Mac
- Loans Guaranteed by the Farm Service Agency (FSA)
- Winery & Vineyard Acquisition Financing and Refinancing
- Vineyard Development Financing
- Working Capital and Inventory Credit Facilities
- Equipment Financing
- Inventory Financing

[About Us]  [Services]  [Our Clients]  [Apply On-Line]  [Articles/Links]  [Contact Us]

Top

EXHIBIT A



# About Vintage Capital

Home

Services

Our Clients

Apply On-Line

Articles/Links

Contact Us



Together and separately, **Robert and Ami Cheri Hower** are knowledgeable, energetic financial experts whose keen understanding of the wine industry enables them to manage client affairs adroitly and confidentially.

**Robert Hower** has been engaged in the lending and leasing industry since 1974, and prior to that was a director of sales training, marketing, and recruitment for private industry and banking institutions. He has set up leasing divisions within major financial institutions, and has headed several of his own successful businesses.

**Ami Cheri Hower** grew up in Sonoma County's wine industry in which her father was a winemaker. An accomplished entrepreneur, she has directed several of her own profitable businesses. Since the late 1960's she has accumulated extensive commercial bank lending and leasing experience, with her expertise lying in commercial lending, yacht and sailboat lending, establishing clients in business, and workouts and turn-arounds. Her ability to thoroughly assess and understand her clients' financial needs enables her to accomplish the necessary capital requirements, with emphasis on timely funding.

**Vintage Capital** is an approved Farmer Mac Lender whose focus is tailored to serve the needs of the Wine Industry.

[Home] [Services] [Our Clients] [Apply On-Line] [Articles/Links] [Contact Us]

Top

Case 3:03-cv-03721-BZ   Document 110   Filed 07/12/05   Page 18 of 24



# VINTAGE ▼ CAPITAL

# A Farmer Mac Lender

Home

Back

About Us

Our Clients

Apply On-Line

Articles/Links

Contact Us



*Agricultural loans that mature at about the same time his voice starts to crack and his hormones go all wacky.*

While waiting fifteen years for maturity may be awkward for kids, it couldn't be better for farmers and ranchers when it comes to a loan. After all, long-term fixed rate loans make for smaller payments and financial planning that you can depend on.

### Consider Long-Term Financing for Agricultural Real Estate Purchases

Farmers increasingly need access to reasonably priced credit for the purchase or financing of agricultural real estate. We can provide you access to long-term, fixed rate loans through Federal Agricultural Mortgage Corporation, commonly know as "Farmer Mac."

Farmer Mac loans increase our capacity to serve you. The program benefits farmers and ranchers by providing access to a stable and competitive supply of credit for mortgage loans. Farmer Mac works by bringing borrowers and investors together in a secondary market to offer competitive rates for intermediate and long-term, fixed rate agricultural real estate loans. Long-term loans allow you to know the cost of your loan payments and figure it into your profit projections years into the future.

Farmer Mac also provides a selection of loan options, so loans may be individually tailored

to your needs and business plan.

### *Matching the right loan to the right person*

Farmer Mac offers different loan products with a variety of options, specifically designed to match the appropriate loan to the individual borrower. We will discuss the different options with you to determine the loan product that best meets your long-term operating plan.

At the heart of this program is the opportunity for you to fix your loan interest rate for as long as 15 years and to receive a very attractive rate when you do so. Then the variety of loan choices allows you to match the loan terms to your needs by selecting between annual and semi-annual payments, 15- or 25-year amortization schedules.

- Eliminate your long-term interest rate risk.
- Use loans for vineyard or winery purchase, refinancing and expansion.
- Eliminate annual credit reviews on your mortgage loan.
- Reduce annual expenditures for loan fees, appraisals, etc.

The loan application and approval process is quick and easy. And, after we make your loan and fund it through Farmer Mac, we will continue to be your local contact on the loan if you have questions about it or need assistance.

For more information, contact us. You can visit the Farmer Mac Website by clicking here.

**[Home]  [Back]  [Our Clients]  [Apply On-Line]  [Articles/Links]  [Contact Us]**

Top

Case 3:03-cv-03721-BZ   Document 110   Filed 07/12/05   Page 20 of 24



# Services



**Home**

**About Us**

**Our Clients**

**Apply On-Line**

**Articles/Links**

**Contact Us**

**Vintage Capital** offers many different and creative financing products, tailored to suit the special needs and requirements of the wine industry:

- Long Term, Fixed Rate Agricultural Loans through **Farmer Mac**
- Loans guaranteed by the **Farm Service Agency (FSA)**
- Winery & Vineyard Acquisition Financing and Refinancing
- Vineyard Development Financing
- Working Capital and Inventory Credit Facilities
- Equipment Financing
- Inventory Financing

[Home]  [About Us]  [Our Clients]  [Apply On-Line]  [Contact Us]

Top

Exhibit "B"

# The United States of America

N⁰ 1645486

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-first day of May 1991.

*Harry F. Manbeck, Jr.*

Commissioner of Patents and Trademarks

PTO-130
(Rev. 8-89)

EXHIBIT B

# NOTICE

*This Registration will be canceled by the Commissioner of Patents and Trademarks at the end of six years following the date of registration, unless within one year next preceding the expiration of such six years, the registrant files in the Patent and Trademark Office an affidavit showing that said mark is in use in Commerce or showing that its nonuse is due to special circumstances which excuse such nonuse and is not due to any intention to abandon the mark. A fee of $100.00 for each class must accompany the affidavit.*

Int. Cl.: 36

Prior U.S. Cl.: 102

Reg. No. 1,645,486

## United States Patent and Trademark Office   Registered May 21, 1991

### SERVICE MARK
### PRINCIPAL REGISTER

## FARMER MAC

FEDERAL AGRICULTURAL MORTGAGE CORPORATION (UNITED STATES FEDER-ALLY CHARTERED INSTRUMENTALITY)
SUITE 200
1667 K STREET, N.W.
WASHINGTON, DC 20006

FOR: FINANCIAL SERVICES IN THE FIELD OF FINANCING OF AGRICULTURAL REAL ESTATE AND RURAL HOUSING, IN CLASS 36 (U.S. CL. 102).

FIRST USE 1–30–1988; IN COMMERCE 1–30–1988.

SER. NO. 74–035,557, FILED 3–6–1990.

MARY I. SPARROW, EXAMINING ATTORNEY