|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | NORTHERN DISTRICT OF CALIFORNIA | |

```
FEDERAL AGRICULTURAL        )
MORTGAGE CORP.,             )
                            )      No. C 03-3721 VRW (BZ)
          Plaintiff(s),     )
     v.                     )      FINAL PRETRIAL ORDER
                            )
IT'S A JUNGLE OUT THERE ,   )
INC dba VINTAGE CAPITAL, et )
al.,                        )
                            )
          Defendant(s).     )
_____)
IT'S A JUNGLE OUT THERE ,   )
INC dba VINTAGE CAPITAL, et )
al.,                        )
          Counter-claimants,)
     v.                     )
                            )
FEDERAL AGRICULTURAL        )
MORTGAGE CORP.,             )
                            )
          Counter-claimants.)
_____)
```

The pretrial conference in this case were held on January 3 and January 11, 2006. Federal Agricultural Mortgage Corporation (Farmer Mac) and Zions First National Bank (Zions) were represented at the conference by John Fairbrook, Esq. and Elana Ribman, Esq. It's a Jungle Out There dba Vintage Capital (Vintage Capital) and Ami Cheri

1

1  Hower and Robert Lee Hower (the Howers) were represented by
2  John Carey, Esq. on January 3, 2006 and by Mr. Carey and
3  Susan Bush, Esq. on January 11, 2006.
4  This Order shall control the subsequent conduct of the
5  case and be modified only to prevent manifest injustice. See
6  Fed. R. Civ. P. 16(e).

**1. LENGTH AND TIME OF TRIAL**

Trial shall begin on **Tuesday, January 17, 2006**, **at 8:30 a.m.** in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102. The trial schedule is as follows: **8:30 a.m. - 1:30 p.m.**

Farmer Mac and Zions shall have a total of 18 hours, and Vintage Capital and the Howers shall have a total of 12 hours within which to present testimony.

Farmer Mac shall be prepared to call witnesses **Tuesday, January 17, 2006.** Each side shall schedule witnesses to avoid any interruption in the presentation of testimony. During the trial, witnesses, other than counsel and their clients, shall remain sequestered outside the courtroom until they are called to testify.

**2.** The parties are **ORDERED** not to mention or discuss the Lanham Act claims during the trial. Testimony on the remaining equitable issues shall be presented to the court outside the presence of the jury.

**3. MOTIONS IN LIMINE**

For the reasons articulated on the record at the pretrial conference, the court rules on the Motions in Limine as follows:

a. Farmer Mac's Motion in Limine No. 1 is **GRANTED in part** and **DENIED in part**. References to insurance shall be stricken, and the motion is **GRANTED** as to the last full paragraph of Exhibit C and as to Exhibit G.

b. Farmer Mac's Motion in Limine No. 3 is **DENIED**.

c. Farmer Mac's Motion in Limine No. 4 is **DENIED**.

d. Farmer Mac's Motion in Limine No. 5 is **DENIED** with respect to the negligent representation claim, without prejudice to being renewed at trial in the context of specific evidence. It is **GRANTED** with respect to the remaining claims.

e. Farmer Mac's Motion in Limine No. 6 is **DENIED** without prejudice to being renewed at trial. I do not consider it constructive to rule in limine on deposition testimony since admissibility will turn on the witness's trial testimony and the context in which the testimony is given.

f. Vintage Capital's and the Howers' Motions in Limine were filed late and will not be considered. To guide the parties, an expert may not give legal opinions. Marx & Co., Inc. v. Diner's Club Inc., 550 F.2d 505, 508 (2nd Cir. 1977). A lay witness may testify in accordance with Federal Rule of Evidence 701 and can testify to issues of which he or she has personal knowledge. A witness who is not an expert may not give testimony in response to hypothetical questions.

g. The trial will not bifurcated between liability and damages. Bifurcating the issue of the amount of

punitive damages in accordance with Cal. Civ. Code
§ 3295(d) is reserved for decision after Farmer Mac
closes its case in chief.

**4. EXHIBITS AND EVIDENCE**

Rulings on the objections to the exhibits and objections to the witnesses [docket #283] were made on the record at the pretrial conference on January 11, 2006.

In response to Farmer Mac's and Zion's request for leave to depose defense experts [docket # 308], the parties are granted leave to depose those expert witnesses discussed at the pretrial conference on January 11, 2006 for up to one hour each. Such witnesses must be deposed before they testify at the trial.

Exhibits shall not be a part of the record or go to the jury unless sponsored by a witness or otherwise brought to the jury's attention.

The parties must lodge the transcripts of any depositions they anticipate using at trial by the start of trial.

**5. JURY INSTRUCTIONS**

Rulings on the instructions were made on the record at the pretrial conferences on January 3 and January 11, 2006.

**6. MISCELLANEOUS**

For the reasons that Robert Greeno was dismissed in Judge Walker's Order dated April 27, 2004 [docket #68], Columbia Appraisal and Real Estate Company is also **DISMISSED**.

Vintage Capital and the Howers shall file an answer to the complaint in accordance with the views expressed at the

pretrial conference on January 3, 2006 by the start of trial.

Vintage Capital and the Howers shall also elect by the start of trial whether they will proceed with a claim for comparative fault or comparative indemnity.

Any party who desires a transcript of the trial must make arrangements with the court reporter.  Any party who needs an interpreter or audio or visual equipment shall make its own arrangements for same and clear all such equipment with court security personnel.

The parties are instructed to notify the court immediately if this action should settle before the commencement of trial.

Dated:   January 12, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\FEDERAL AGRICULTURE MORTGAGE CORP\PRETRIAL\PRETRIAL.ORDER.2.wpd

5