UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORP.,<br><br>      Plaintiff(s),<br>  v.<br>IT'S A JUNGLE OUT THERE, INC dba VINTAGE CAPITAL, et al.,<br><br>      Defendant(s).<br><br>AND RELATED CLAIMS. | No. C 03-3721 BZ<br><br>**ORDER GRANTING STEWART'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** |

After the Clerk of this court taxed costs according to the objections of It's a Jungle Out There, Inc. dba Vintage Capital and its principals Robert Lee Hower and Ami Cheri Hower (collectively "Vintage Capital"), third party defendant Stewart Title Guaranty Company ("Stewart") filed this motion for review, arguing that the Clerk improperly reduced costs from Stewart's requested amount of $17,202.60 to $7,039.73. Vintage Capital claims that several depositions were not

1

"necessarily obtained for use in the case."[1] 28 U.S.C. § 1920(2). Stewart argues that these depositions were necessary to counter Vintage Capital's broad and open-ended indemnity and contribution claims. Stewart also contends that these depositions need only be "reasonably necessary" in light of the facts at the time of the depositions. In re Aviva Gelato, Inc., 94 B.R. 622, 625 (B.A.P. 9th Cir. 1988)(construing necessary costs under Federal Rule of Civil Procedure 54(d) and recognizing that "depositions are not obtained unnecessarily even if they are not essential to the court's final resolution of the case"); Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993). The court reviews the Clerk's taxation of costs de novo. Lopez v. San Francisco Unified School Dist., 385 F.Supp.2d 981, 1001 (N.D. Cal. 2005).

Stewart provided title services and issued title insurance for the Ram Investments, LLC loan, and Vintage Capital sued Stewart for failure to indemnify it against all losses associated with the loan. The costs in dispute are for depositions of key figures involved in Ram's borrowing and securing of the loan, Zions National Bank's servicing of the loan and Federal Agricultural Mortgage Corp.'s purchasing of the loan. At the time of the various depositions, Stewart believed that they were reasonably necessary to defend itself against Vintage Capital's indemnity claims. These deponents

---

[1] Vintage Capital objects to the costs for the depositions of Michael Morris, Tom Stenson, Jerome Oslick, Paul Caywood, Richard Overton, Kulwinder Sidhu, Donald Avey, Mark Rickels and Charles Johnson. Several of these deponents were employees of Federal Agricultural Mortgage Corp. at the time of the loan and testified at the trial.

were witnesses to the events giving rise to the litigation, as listed by Vintage Capital in its initial disclosures. Epstein Decl., Exh. A. See Myers v. Scales, 2002 WL 31431574, at * 1 (S.D. Ind. Oct. 8, 2002)(taking depositions of "witnesses of events which led to . . . lawsuit" was "reasonably necessary to prepare a defense"). There is also no suggestion that Stewart took these depositions as part of an effort to needlessly expand the litigation or run up costs. It was Vintage Capital which filed the broad third party claims. Vintage Capital has not shown that these depositions were purely investigative or merely for Stewart's convenience. Therefore, the depositions were necessarily obtained. **IT IS HEREBY ORDERED** that Stewart's motion is **GRANTED** and the Clerk shall tax costs in the amount of $17,202.60. Because the court finds no need for further argument, **IT IS FURTHER ORDERED** that the hearing scheduled for May 10, 2006 is **VACATED**.

DATED: May 8, 2006

                                                Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\-BZCASES\FEDERAL AGRICULTURE MORTGAGE CORP\POSTTRIAL\COSTS\STEWART.TAXCOSTS.ORDER.wpd