UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORP., <br><br> Plaintiff(s), <br><br> v. <br><br> IT'S A JUNGLE OUT THERE, INC dba VINTAGE CAPITAL, et al., <br><br> Defendant(s). <br><br> AND RELATED CLAIMS. | No. C 03-3721 BZ <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

On January 31, 2006, following a two week trial, the jury returned a verdict in favor of plaintiff Federal Agricultural Mortgage Corporation and against defendants It's A Jungle Out There, Inc. dba Vintage Capital and its principals Robert Hower and Ami Cheri Hower. On plaintiff's claim for breach of the express indemnity provision in the contract between the parties, the jury awarded plaintiff

1

$1,532,458 in damages, which included approximately $100,000 in attorneys' fees. Subsequently, plaintiff moved pursuant to Federal Rule of Civil Procedure 54(d) for an award of additional attorneys' fees in the amount of $858,916.77.

Rule 54(d)(2) provides that "[c]laims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2)(A). As the Advisory Committee's notes make clear, Rule 54(d)(2) does not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." Fed. R. Civ. P. 54(d)(2) advisory committee's note (1993).

Plaintiff noticed its motion "on the grounds that the Plaintiff's contract with Defendants. . .contains an attorneys' fees provision entitling Plaintiff as the prevailing party on Plaintiff's claims" to an award of fees and expenses. (Notice Page 1, lines 10-14). In its memorandum, however, plaintiff points to no provision in the contract which expressly awards fees to the prevailing party. Instead, plaintiff relies solely on § 503.3 of the contract, the indemnity provision. Defendants, on the other hand, deny that the indemnity provision is a prevailing party attorneys' fees provision and assert that where attorneys' fees are claimed pursuant to an indemnification provision, "the attorney fees are an element of damages, which must be

2

pleaded and proved in the indemnification action."
(Opposition Page 3, lines 14-15). This requires the court to determine whether § 503.3 permits attorneys' fees to be awarded by post-trial motion or requires them to be proven at trial as an element of damages.

Section 503.3 reads as follows:

> The Seller shall indemnify Farmer Mac and its directors, officers and other employees and hold each of them harmless against any and all losses, claims, damages, judgments, penalties, fines and legal costs and expenses, including reasonable attorneys' fees, that they may sustain as a result of or arising out of any event of default, including but not limited to those that are in any reasonable way related to the actual or alleged failure of the Seller to perform its duties and service the Qualified Loans in strict compliance with the terms of its Seller/Servicer Agreement and the Guide.

In this diversity action, California provides the substantive law governing the action. MRO Communs., Inc. v. Am. T & T Co., 197 F.3d 1276, 1281 (9th Cir. 1999). Under California substantive law, in an appropriately worded indemnity provision, attorneys' fees are an element of the claim for indemnity. See California Civil Code § 2778. Several California cases have affirmed indemnity judgments which awarded attorneys' fees as part of the claimed indemnity; not as a result of a post-trial motion. See e.g. Continental Heller Corp. V. Amtech Mechanical Services, 53 Cal.App.4th 500 (1997); Schackman v. Universal Pictures Co., Inc., 255 Cal.App.2d 857 (1967). Plaintiff relies on cases which have interpreted provisions in a contract which permitted the prevailing party to obtain attorneys' fees.

3

PLCM Group, Inc. v. Drexler, 22 Cal.4th 1084, 1088 (2000); Nevin v. Salk, 45 Cal.App.3d 331, 338 (1975). None of plaintiff's cases interpret an indemnification provision of the sort present here.

The only indemnification case cited by plaintiff, DeWitt v. Western Pacific Railroad Company, 719 F.2d 1448 (9th Cir. 1983), is not very helpful. The issue in DeWitt was whether attorneys' fees should have been awarded as part of the indemnity claim. It does not appear that the indemnitor ever suggested that the fees issue should have been submitted to the jury trying the underlying dispute.[1]

The California Supreme Court has ruled in a different context that when attorneys' fees are recoverable as an element of damages for breach of contract, "the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise." Brandt v. Superior Court, 37 Cal.3d 813, 819 (1985). Here, there was no stipulation that the fees should be awarded by the court post-judgment. Although asked by the pretrial order "whether bifurcation or a separate trial of specific issues is feasible and desired," plaintiff did not request any special treatment of the attorneys' fees claim. See Baldwin Builders v. Coast Plastering Corp., 125 Cal.App.4th 1339, 1342

---

[1] Plaintiff's reliance during argument on U.S. for Use and Benefit Familian Northwest, Inc. v. RG & B Contractors, Inc., 21 F.3d 952 (9th Cir. 1994) was misplaced. The Ninth Circuit was careful to distinguish its holding that a request for attorneys' fees authorized by contract did not have to be asserted prior to the entry of judgment under Rule 59(e), from cases "where attorney's fees are part of the merits of a claim," precisely the case here. Id. at 955 n.2.

4

(2005)("The parties stipulated that the issue of attorney fees and costs . . . would proceed in a postverdict bench trial.").[2]

Several additional factors support a ruling that plaintiff's attorneys' fees in this case are part of its damages and should have been resolved by the jury. First is the way plaintiff's claims were pled. The original complaint contained a Third Claim for Breach of Contract in which plaintiff did not ask for attorneys' fees as the prevailing party. Plaintiff only requested attorneys' fees for an alleged violation of the Lanham Act. Two years later, plaintiff filed an amended complaint which added a Sixth Claim for Express Indemnity. In paragraph 51, plaintiff alleged that as a result of defendants' default, it had suffered monetary damages including attorneys' fees and costs incurred in foreclosing on the loan and collecting sums owed it and fees and costs it had incurred and would continue to incur in prosecuting this action. A fair reading of plaintiff's pleadings is that it did not interpret § 503.3 of

---

[2] Plaintiff's counsel argued at the hearing that Baldwin supported plaintiff's position since it held that an indemnity provision that provided for attorneys' fees was reciprocal under California Civil Code § 1717. The provision in Baldwin, after requiring the Subcontractor to indemnify Baldwin against specified claims and damages arising out of a contract, contained this concluding sentence: "Subcontractor shall pay all costs, including attorney's fees incurred in enforcing this indemnity agreement." 125 Cal.App.4th 1339, 1342. In ruling that this provision was reciprocal, the court recognized that the rule of reciprocity would not apply "where the recovery of attorney fees is authorized as an item of loss or expense in an indemnity agreement or provision." Id. at 1344. (citations omitted). § 503.3 does not contain the sort of language which compelled the Baldwin court to apply the § 1717 reciprocity principles.

5

the contract as a prevailing party attorneys' fees provision but understood that it could only recover such fees as an element of damages for breach of the indemnity agreement.[3]

Second is the fact that approximately $100,000 in attorneys' fees were submitted to the jury and were awarded as damages. Plaintiff provides no satisfactory explanation for failing to include in its claim for damages at trial the attorneys' fees that are the subject of this post-trial motion.[4] Nothing in the indemnification provision suggests that plaintiff's claim for attorneys' fees can be split and

---

[3] Plaintiff's pretrial statement so reflects. In its section on damages plaintiff states:

> In this regard, the Plaintiff claims attorneys' fees as an item of compensatory damages in this case . . . Plaintiff was required to retain attorneys to foreclose on the collateral, and to pursue the deficiency judgment against the borrowers and FARMER MAC's damages against the Defendants herein. These attorneys' fees are an item of compensatory damages which flow directly and proximately from Defendants' breaches and wrongful conduct and will be presented as evidence during the Plaintiff's case in chief. . .

Joint Pre-trial Conference Statement filed October 11, 2005 [docket # 219-1] Page 25, lines 16-23.

Plaintiff also sought attorneys' fees pursuant to the Lanham Act. "These attorneys' fees will be sought by Plaintiff in accordance with post-trial motion procedures pursuant to Federal Rules of Civil Procedure, Rule 54." Id. at Page 26, lines 14-18.

[4] During oral argument, plaintiff explained that it presented to the jury only those attorneys' fees not attributable to the prosecution of this lawsuit, which had been incurred prior to the filing of this lawsuit. This may have proven to be a convenient dividing line on the facts of this case, but as a matter of substantive contract law, it is difficult to understand why, if the only source of recovering legal fees is an indemnity provision which permits the recovery of all legal fees that may result from an event of default, there is any substantive justification for plaintiff's bright line.

6

some fees claimed before the jury and others claimed post-judgment.

Third, construing this indemnification provision as a prevailing fee provision would strain California Civil Code § 1717, which provides that attorneys' fees provisions must be reciprocal. Farmers Ins. Exchange v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1237 (9th Cir. 2001)("Section 1717 was enacted to provide for a mutuality of remedy when a contract makes recovery of attorneys' fees available only to one party."). See Myers Building Industries, Ltd. v. Interface Tech., Inc., 13 Cal.App.4th 949, 971 (1993) ("provision including attorney fees as an item of loss in an indemnity clause is not a provision for attorney fees in an action to enforce the contract" which would trigger § 1717).[5] Section 503.3 obligates the seller of a loan to indemnify plaintiff as buyer from certain losses it may sustain as a result of any event of default. It would seem contrary to the intent of the parties in apportioning their risks to conclude that this was intended to be a reciprocal provision, such that the buyer could be required to also indemnify the

---

[5] The court in Myers struck an attorneys' fees award to the contractor because the indemnity provisions indemnifying the subcontractors did not contain an attorneys' fee provision, and thus, California Civil Code § 1717 was inapplicable and there was no reciprocity. The indemnity provisions, similar to the one in this case, required the contractor to "indemnify" and "hold harmless" against "all losses and expenses" including attorneys' fees "arising out of" performance of the work or agreement.

7

seller for those losses in the event of default.[6]

Authority from other jurisdictions supports a ruling that plaintiff is entitled to only the attorneys' fees it proved as an element of damages. In Aetna Cas. & Sur. Co. v. Giesow, 412 F.2d 468 (2nd Cir. 1969), the court stated that attorneys' fees sought pursuant to an indemnification provision "are a contractually specified element of damages" which "cannot be enforced apart from the claim for breach of the [contract], and to this extent we have only a single claim here." Id. at 470. In Carolina Power and Light Co. v. Dynegy Marketing and Trade, 415 F.3d 354 (4th Cir. 2005), the court held that legal costs sought under a contractual provision were an element of damages to be proved at trial. Id. at 359. The indemnity provision in Carolina Power permitted the plaintiff in the event of a breach to recover certain specified damages as well as its "'reasonable out-of-pocket expenses incurred by [a party], including legal fees, by reason of the enforcement and protection of its right under [the contract].'" Id. at 357. The Fourth Circuit noted that the legal costs provision in the contract was not premised on the plaintiff prevailing in the underlying action but, along with the other damages to which it was entitled, was part of the plaintiff's remedies for the buyer's breach.

---

[6] "Because an indemnity agreement is intended by the parties to unilaterally benefit the indemnitee, holding it harmless against liabilities and expenses incurred in defending against third-party tort claims (see Civ. Code, § 2772), application of reciprocity principles would defeat the very purpose of the agreement." Baldwin, 125 Cal.App.4th at 1344.

8

> [U]nlike a right to nonsubstantive attorneys fees that are collateral to the merits of an action, which does not accrue until the litigation is actually brought, the seller's right to legal costs under the contract between the parties in this case arises as soon as the buyer rejects a delivery of coal.

Id. at 359. Here too, plaintiff's claim to attorneys' fees, along with its other remedies under the indemnification provision, arose as soon as the event of default occurred and was not triggered by its prevailing in this action.

By presenting only a portion of its attorneys' fees claim at trial, plaintiff in effect improperly split its claim to be indemnified for attorneys' fees it incurred as a result of an event of default.[7]  In U.S. Industries, Inc. v. Blake Const. Co., Inc., 765 F.2d 195 (D.C. Cir. 1985), a suit under a broad indemnity provision to recover attorneys' fees was held barred by res judicata because plaintiff "had an opportunity to present evidence with respect to these claims during the six-week jury trial; it did not do so, but instead made a unilateral decision not to pursue the attorneys' fees claims" at trial.  Id. at 206.  Among other things, the D.C. Circuit affirmed the trial court's ruling that plaintiff had improperly "split" its claim for attorneys' fees by not presenting in the related prior proceeding its claim for the attorneys' fees it was seeking in the second proceeding.  Id. at 203.

---

[7] While plaintiff argues that it has not "split" its claim because final judgment has not yet been entered, the fact remains that the jury has given its verdict and has been discharged and plaintiff has not suggested a way to reopen the jury trial to permit it to resolve the claim to additional attorneys' fees.

9

McGuire v. Miller, 1 F.3d 1306 (2nd Cir. 1993), cited by plaintiff in its reply, is distinguishable. In McGuire, at a pretrial conference, the trial court discussed the issue of attorneys' fees with counsel. After determining that there was an indemnity provision which provided defendants with the right to attorneys' fees, the trial court decided not to ask the jury to determine the amount of the fees. Id. at 1313. In reliance thereon, defense counsel assumed that the amount of any attorneys' fees to which defendants were entitled would be established at a later hearing and did not introduce proof of their attorneys' fees at trial. The trial court then denied a post-trial request for attorneys' fees on the grounds that they had not been proved to the jury. Id. at 1309. The Second Circuit reversed, ruling that it was not unreasonable for defendants to have assumed, based on the history of the case, that the amount of attorneys' fees would be resolved in a post-trial hearing. Id. at 1313.

The Court went on to consider: "what procedure a district judge should follow in deciding a contractual claim for attorneys' fees." Id. It announced that in the Second Circuit the question of entitlement to attorneys' fees is for the jury but the question of the amount of such fees should be resolved by the court.[8] Whatever the merits of that rule,

---

[8] While I understand the practical problems presented if attorneys' fees are determined by the jury, enumerated by the Second Circuit, I am not persuaded that they are more difficult than problems juries face in determining damages in any complex case. McGuire, 1 F.3d at 1315. In this case, plaintiff persuaded the jury to include approximately $100,000 in attorneys' fees in its damages award without encountering any proof problems that were apparent to the court.

10

it appears not to be the law of the Ninth Circuit; it is inconsistent with rulings of other circuits discussed above; and it seems inconsistent with Rule 54(d)(2)(A), not discussed in McGuire, which by its very terms suggests that there will be instances in which attorneys' fees issues are to be resolved by a jury. McGuire is also factually distinguishable. This court never did anything to suggest that plaintiff need not prove all of its damages, including attorneys' fees, to the jury; plaintiff did prove almost $100,000 in attorneys' fees; and plaintiff never asked for a jury finding of entitlement to attorneys' fees. To the contrary, all the special verdict forms proposed by plaintiff simply asked the jury to determine: "What do you find to be the total damages sustained by the Plaintiff caused by Defendant Vintage Capital's breach of its duty to indemnify Plaintiff against any default arising from the Ram Loan?"

For the foregoing reasons, plaintiff should have presented to the jury all of its claims for damages under the indemnity provision, instead of bringing up a delayed request, without stipulation or permission, for more damages in the form of a post-trial motion. **IT IS ORDERED** that plaintiff's motion for attorneys' fees is **DENIED**.

DATED: May 9, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\FEDERAL AGRICULTURE MORTGAGE CORP\POSTTRIAL\FM\FM.ATTYFEE.4.wpd

11