UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORP.,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>IT'S A JUNGLE OUT THERE, INC dba VINTAGE CAPITAL, et al.,<br><br>　　　　Defendant(s).<br><br>AND RELATED CLAIMS. | No. C 03-3721 BZ<br><br>**ORDER DENYING NEW CENTURY'S MOTION FOR ATTORNEYS' FEES** |

　　New Century Title Company's ("New Century") motion for attorneys' fees came on for hearing on May 10, 2006. On May 9, 2006, the court posted a tentative ruling denying New Century's motion. New Century did not appear at the hearing to contest the tentative ruling. Therefore, New Century's motion for attorneys' fees and costs is **DENIED**.

　　New Century claims that as the prevailing party on a summary judgment motion against It's a Jungle Out There, Inc. dba Vintage Capital ("Vintage Capital"), it is entitled to

1

attorneys' fees pursuant to an indemnity provision in the parties' escrow agreement and the reciprocity principles of California Civil Code § 1717. New Century relies entirely on the following provision in the escrow agreement:

> Closing Agent Liability: You [New Century] agree to be responsible for actual losses, costs and expenses incurred by lender in connection with this transaction when such losses arise due to your failure to comply with these instructions.

(the "escrow provision"). (Mot. Page 2, lines 22-25).

California law applies in this diversity action. MRO Communs., Inc. v. Am. T & T Co., 197 F.3d 1276, 1281 (9th Cir. 1999). Each side is usually responsible for its attorneys' fees, unless a fee award is authorized by statute or contract. Most attorneys' fees awards based on contract rest on language expressly providing for attorneys' fees in the event of suit to enforce the contract. This escrow provision does not expressly authorize attorneys' fees, but it may not need to. Courts have awarded attorneys' fees pursuant to contracts which did not explicitly mention "attorneys' fees."[1] "In interpreting an express indemnity

---

[1] See DeWitt v. Western Pacific Railroad Co., 719 F.2d 1448, 1452 (9th Cir. 1983)(affirming an award of attorneys' fees pursuant to an indemnity "against all liability for loss, damage, injury and/or death"); Schackman v. Universal Pictures Co., Inc., 255 Cal.App.2d 857, 858-859 (1967)(holding that because of the agreement "to indemnify and hold [Schackman] harmless from and against all losses, damages, costs and expenses," defendant "was obligated to reimburse Schackman for legal fees"); Citizens Suburban Co. v. Rosemont Development Co., Inc., 244 Cal.App.2d 666, 683 (1966)("While the word 'costs' does not usually embrace counsel fees, the phrase 'costs and expenses' does."). But see Jacobus v. Krambo Corp., 78 Cal.App.4th 1096, 1105 (2000)("However, the California appellate courts have not followed DeWitt and have concluded that unless an indemnity agreement specifically provides for attorney fees incurred in pursuing the indemnity claim, the

agreement, courts look first to the words of the contract to determine the intended scope of the indemnity agreement." <u>Smoketree-Lake Murray, Ltd. v. Mills Concrete Construction Co., Inc.</u>, 234 Cal.App.3d 1724, 1737 (1991). The courts also look to the parties' intent. <u>Campbell v. Scripps Bank</u>, 78 Cal.App.4th 1328, 1337 (2000). Here, the parties apparently intended the escrow provision to encompass attorneys' fees. New Century seeks them now, and Vintage Capital requested attorneys' fees from New Century and other third party defendants in its third party complaint for indemnity. (Third Party Compl. for Indemnity ¶ 30) [docket # 15].

Assuming the escrow provision includes attorneys' fees as part of the losses, costs and expenses to be recovered, for New Century to receive attorneys' fees under California Civil Code § 1717, the escrow provision must be a prevailing party fees provision which provides for attorneys' fees to a prevailing party as opposed to a provision which provides for attorneys' fees as part of an indemnity.[2] California courts have held that § 1717 does not apply to attorneys' fees awarded as an element of damages pursuant to an indemnity provision. <u>Myers Building Industries, Ltd. v. Interface Tech., Inc.</u>, 13 Cal.App.4th 949, 971 (1993)("provision including attorney fees as an item of loss in an indemnity

---

indemnitee is not entitled to such fees.").

[2] Under California law, courts construe prevailing party attorneys' fees provisions as reciprocal. <u>Farmers Ins. Exchange v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1237 (9th Cir. 2001)("Section 1717 was enacted to provide for a mutuality of remedy when a contract makes recovery of attorneys' fees available only to one party.").

3

clause is not a provision for attorney fees" which would trigger § 1717); <u>Baldwin Builders v. Coast Plastering Corp.</u>, 125 Cal.App.4th 1339, 1344 (2005)(reciprocity does not apply "where the recovery of attorney fees is authorized *as an item of loss or expense* in an indemnity" because "an indemnity agreement is intended by the parties to unilaterally benefit the indemnitee")(emphasis in original).

New Century does not dispute that the escrow provision is an indemnity provision. It asserted repeatedly in its motion for summary judgment that the escrow provision was an indemnity provision. For instance, in describing the escrow provision, New Century called it an "indemnity clause in Vintage Capital's escrow instructions to New Century [which] provides for indemnity for closing agent liability." (Third Pty Def't. New Century's Mot. for Summ. J. ("SJ Memo") Pages 6-7, lines 25-1) [docket # 120].

Judge Walker's December 7, 2005 order granting summary judgment also construes the escrow provision as an indemnity provision. Judge Walker ruled in New Century's favor that New Century complied with the escrow instructions and the indemnity only encompassed losses arising from New Century's breach of the written escrow instructions. <u>Fed. Agricultural Mortgage Corp. v. It's a Jungle Out There, Inc.</u>, 2005 WL 3325051, at *28 (N.D. Cal. Dec. 7, 2005).

In <u>Campbell</u>, the court overruled an award of attorneys' fees under a similar indemnity provision in an escrow agreement, where attorneys' fees were sought as losses or expenses recoverable under that indemnity agreement. The

4

court ruled that the indemnity was not reciprocal and thus not subject to California Civil Code § 1717. 78 Cal.App.4th at 1338. While New Century argues that the "escrow instructions in Campbell were typical unilateral instructions" (Reply Page 2, lines 11-12), it fails to distinguish the provision in Campbell from the one here. Both make "no reference to any action to enforce the escrow contract within the context of entitlement to attorney fees." Campbell, 78 Cal.App.4th at 1335. The escrow provision here also "simply provides for indemnification, including attorney fees or costs, under specific circumstances." Id. at 1335-36. The circumstances are New Century's failure to comply with the loan closing instructions.[3]

New Century is incorrect; the escrow provision here does involve unilateral instructions. These loan closing instructions were express directives from Vintage Capital ("Lender" or "us") to New Century (addressed as "you") in connection with the closing of the loan to Ram Investments, LLC.[4] Such duties could not be reciprocal. Vintage Capital

---

[3] New Century's categorization of the escrow provision as being "broad" enough to go "beyond being simply an indemnity clause and appl[ying] also to an action between the parties" is not helpful. (Reply Page 2, lines 14-19). New Century does not cite any authority for its proposition that a "broad" indemnity provision should be construed as a prevailing party attorneys' fees provision subject to § 1717. In addition, analyzing whether the indemnity provision is broad or narrow does not clarify the intention of the parties regarding risk allocation, and whether under the escrow provision, the parties intended the indemnity to flow from New Century in favor of Vintage Capital.

[4] Northwestern Title Security Company, the predecessor to New Century, is the addressee of the loan closing instructions. Neither side provided a copy of the loan closing

5

would not have determined the authenticity of signatures or faxed final documents or disbursed the loan. Those were New Century's jobs. It was not possible for Vintage Capital to fail to comply with the loan closing instructions; only New Century could. The escrow provision was meant to be a risk-allocating mechanism. The parties intended and contracted to make New Century responsible for Vintage Capital's losses that arose if New Century failed to comply with the instructions. It does not make sense to interpret the escrow provision to cover New Century's losses or costs since they did not arise out of Vintage Capital's failures to comply with the escrow instructions that were given to New Century.

The intent of the parties and the history of this case support the conclusion that the escrow provision is an indemnity provision. In its third party complaint, Vintage Capital included claims for indemnity, implied indemnity and equitable indemnity against New Century. New Century points to paragraph 30 of Vintage Capital's third party complaint to argue that Vintage Capital "intended that [the escrow provision] entitled it to attorney's fees in enforcing its contract with New Century requiring application of reciprocity under section 1717." (Reply Page 4, lines 9-11). A more reasonable way to read Vintage Capital's request for attorneys' fees in paragraph 30 of its third party complaint is that Vintage Capital incurred and continued to incur

---

instructions, so the court used for its analysis pages 6-11 of Exhibit D attached to the Declaration of Lee P. Bardellini in Support of Amended Motion for Summary Judgment [docket # 121].

6

attorneys' fees and costs because of New Century's failure to indemnify as required by the escrow agreement. Vintage Capital's entitlement, if a trier of fact found any such entitlement, to attorneys' fees and costs merely extended from the losses arising out of New Century's failure to comply with the escrow instructions and its subsequent refusal to indemnify Vintage Capital. These losses would have been an element of the damages Vintage Capital suffered because of New Century's failures, not a right to attorneys' fees as a prevailing party. By its terms, application and interpretation, the escrow provision is an indemnity provision that flows unilaterally from New Century in favor of Vintage Capital. It is therefore not subject to the reciprocity principles of California Civil Code § 1717, and New Century is not entitled to its attorneys' fees under the escrow provision.

For the reasons stated above, **IT IS HEREBY ORDERED** that New Century's motion for attorneys' fees and costs is **DENIED**.

DATED: May 10, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\FEDERAL AGRICULTURE MORTGAGE
CORP\POSTTRIAL\NCATTYFEE\NCATTFEE4.ORDER.wpd